J. T. E. LITCHFIELD AND H. C. LITCHFIELD, RESPONDENTS, *v.* CAROLINE DEZENDORF, APPELLANT.

*Action against married women — is an action at law — Jury trial.*

The complaint herein alleged that defendant was a married woman and possessed of a separate estate; that plaintiff sold to her building materials; that the same were used for the benefit of her separate estate in the erection of buildings thereon, and judgment was demanded for the amount due, and that her separate estate be applied to the payment of the same, and that for that purpose a receiver thereof be appointed. *Held,* that the action was an action at law, and defendant was entitled to a trial by jury.

APPEAL from an order denying a motion made by the defendant, to strike this action from the calendar of the Special Term of this court.

*J. Stewart Ross,* for the appellant.

*Geo. V. Brower,* for the respondents.

DYKMAN, J. :

The complaint in this action alleges, that the defendant is the wife of John Dezendorf, and is the owner in fee of a lot of land described in the complaint. That the plaintiff sold and delivered to the defendant, at her request, lumber and other building materials, of the value of $901.97; that no part of the same has been paid, except $400; that said materials were furnished for the benefit of, and did benefit, the separate estate of the defendant, and were used in the erection of four buildings on said premises. That there is now due and owing from the defendant to the plaintiffs for said materials, the sum of $500 with interest from the 18th day of May, 1876. Wherefore, the plaintiffs demand judgment against the defendant, for this last-mentioned sum, with interest and costs, and that said separate estate be applied to the payment of the said sum,. and that a receiver be appointed to take possession of the same for that purpose. The summons was for relief.

The answer of the defendant admits that she is the wife of John Dezendorf, and is the owner of the premises described in the complaint; and denies each and every allegation in said complaint, not specifically admitted. The cause was placed on the calendar of the Special Term of the Supreme Court for trial, on the 4th Monday of December, 1876; and a motion was then made. to strike the same from the calendar, which was denied, and an appeal has been taken from the order of denial.

The motion to strike the cause from the calendar was based on the ground that the defendant was entitled to a trial by jury, and whether she is so entitled depends upon the question whether the action is at law or in equity. The allegation of a separate estate in the defendant; that she is a married woman, and that the materials were furnished for the benefit of her separate estate, are special and proper allegations in a complaint in an action at law against a married woman, and the demand for a money judgment shows, that this is an action for the recovery of money only. It is true that the complaint also prays for the separate estate to be applied to the judgment, and that a receiver be appointed to take possession of the same for that purpose; but this does not change the fact that the action is one for the recovery of money only. Section 274 of the Code provides that in an action brought by or against a married

woman, judgment may be given against her as well for costs as for damages, or both for such costs and such damages, in the same manner as against other persons, to be levied and collected of her separate estate, and not otherwise; and section 287 provides that an execution may issue against a married woman, and it shall direct the levy and collection of the amount of the judgment against her from her separate estate, and not otherwise.

These provisions show that the judgment demanded in this action may be entered and enforced against the defendant, precisely as if she was a single woman, by a procedure appropriate only in an action at law.

The action must therefore be considered an action at law. This being so, it needs no argument to show that the action must be tried by a jury unless a jury trial be waived; that right is absolute and one of which the defendant cannot be deprived.

It is quite true, that the distinction between legal and equitable remedies are, to a great extent abolished, since both remedies are now administered in the same courts. We must not sacrifice substance to form, but when an issue of fact is joined in an action to recover a judgment upon an account or claim for goods sold and delivered, it is not in accordance with our law to deny either party a trial by jury. ·It is more than form and cannot be withheld by the court. If these views are correct, then the defendant could not be forced to trial at the Special Term, and the motion to strike the cause from the calendar of that court should have been granted.

The order appealed from must be reversed, with costs and disbursements to abide event, and case sent to Circuit for trial.

BARNARD P. J., concurred; GILBERT, J., not sitting.

Order reversed, with costs and disbursements to abide event, and case sent to Circuit for trial.